DISTRICT OF COLUMBIA, Petitioner,

v.

The BROOKINGS INSTITUTION, Respondent.

No. 14128.

United States Court of Appeals District of Columbia Circuit.

Argued March 4, 1958.

Decided April 17, 1958.

Petition for Rehearing In Banc Denied May 15, 1958.

956

there. He pays no rent. We think the District of Columbia Tax Court was right in ruling that the house and its yard are not subject to tax. Many cases, including e. g. Wheaton College v. Town of Norton, 232 Mass. 141, 122 N.E. 280, give support to this view. Cf. District of Columbia v. George Washington University, 95 U.S.App.D.C. 214, 221 F.2d 87; District of Columbia v. Church of the Pilgrims, 101 U.S.App.D.C. 68, 247 F.2d 59.

Affirmed.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Douglas H. Moore, Jr., Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Robert W. Bogue, Washington, D. C., was on the brief, for respondent.

Before REED, Associate Justice of the Supreme Court, retired,* EDGERTON, Chief Judge, and WASHINGTON, Circuit Judge.

## PER CURIAM.

Under the District of Columbia Code, real property exempt from taxation includes "Buildings belonging to and used in carrying on the purposes and activities of" several named organizations, including the Brookings Institution. D. C.Code (1951) § 47–801a(k). Section 47–801a(r) (1) exempts from taxation "Grounds belonging to and reasonably required and actually used for the carrying on of the activities and purposes" of these organizations.

The Brookings Institution owns the house in which its President lives. He is expected to use the house for the Institution's purposes. He does some official work there, although his office is not